■ WATSON OIL CO., INC., Respondent, v ALFRED M. STETTNER, Appellant. — Appeal from an order of the County Court of Albany County (Clyne, J.), entered November 4, 1981, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for leave to serve an amended answer. Plaintiff is a fuel oil dealer and defendant is one of its customers. During the period from mid-January to the end of March, 1979, two of plaintiff's fuel oil deliveries to defendant's home were untimely, resulting in certain damage to defendant's real and personal property from exposure to severe cold temperatures. A representative of plaintiff's insurance carrier visited defendant's home and discussed the possibility of settling defendant's claim. Thereafter, a settlement was reached whereby defendant received $1,175. Plaintiff commenced this action when defendant failed to pay for the fuel oil actually delivered to defendant's home in January and February, 1979. Defendant concedes that the fuel oil was delivered, but contends that the settlement he negotiated with the representative of plaintiff's insurance carrier, which apparently was not reduced to writing, included a "wash out" of the unpaid balance owed by defendant to plaintiff. Plaintiff's motion for summary judgment was granted and this appeal ensued. The papers submitted on plaintiff's motion make out a prima facie case for plaintiff's recovery of the

amount due for goods sold and delivered. We find, however, that a question of fact exists concerning defendant's affirmative defense based upon the settlement. Defendant states unequivocally that when he discussed the matter with the representative of plaintiff's insurance carrier "it was specifically and expressly discussed and understood that there would be a washout and a waiver of the existing bill". This is an allegation of fact by one with personal knowledge, rather than a bald conclusory allegation. The business record prepared by the insurer's representative, summarizing the negotiations with defendant, which was submitted by plaintiff in support of its motion, contains no reference to any "washout" or "waiver", but this contradictory evidence merely creates a question of fact as to whether the settlement included the waiver. County Court found that the insurer's representative had no authority to include a waiver of debts due plaintiff in the settlement with defendant. The record, however, contains no evidence in admissible form concerning the scope of the insurer's authority in settling claims against plaintiff. As a general rule, a claim agent has no authority to use extraordinary and unusual means to effect a settlement of the claim against his principal, but the settlement alleged here does not appear so unusual that it can be said as a matter of law that authority must be lacking (see 2 NY Jur2d, Agency and Independent Contractors, § 144, p 575). Since a question of fact exists concerning the affirmative defense of settlement, summary judgment should have been denied. The remainder of defendant's arguments have no merit. Order modified, on the law, by reversing so much thereof as granted plaintiff's motion for summary judgment, and said motion denied, and, as so modified, affirmed, without costs. Sweeney, J. P. Kane, Casey, Weiss and Levine, JJ., concur.